BLOOMINGTON MINING COMPANY v. ISAAC H. SEARLES
ET AL.

Submitted December 9, 1899—Decided February 26, 1900.

A declaration in an action on a guaranty, which alleges a promise made to a third party with the description that he was the agent of the plaintiff, but fails to aver that such contract became in law a contract with the plaintiff, is insufficient on demurrer.

On contract. On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Vail & Ward.*

For the defendants, *John R. Hardin.*

PER CURIAM.

This purports to be a suit on a guarantee for the payment of coal purchased by the Harrison Coal Company of the plaintiff. The declaration charges, "For that whereas, the said defendants heretofore, to wit, on or about the eighteenth day of August, in the year eighteen hundred and ninety-two, at Newark, in the county of Essex aforesaid, in consideration that the said plaintiff, at the special instance and request of the said defendants, would sell to the Harrison Coal Company, from and after said date, coal, they, the said defendants undertook, and then and there faithfully promised in writing one John W. Peale, who was the agent of the said plaintiff, to become responsible for coal so purchased by E. Harrison, in the name of the said The Harrison Coal Company, from and after said date, to the amount not to exceed nine hundred dollars."

To this declaration there was a general demurrer, assigning as a cause of demurrer that the matters contained in the declaration as set forth are not sufficient in law for the said plaintiff to have or maintain its aforesaid action.

The promise on which the plaintiff declares is a promise to one John W. Peale, with the description that he was the agent of the plaintiff. The substance of the plaintiff's declaration is of a promise made to a third party. If the contract made with the third party became in law a contract with the plaintiff, it should have been so averred in the declaration. It is laid down as a principle on this subject that a contract

or a written instrument should be stated according to its legal effect. 1 *Chit. Pl.* 305.

The declaration being radically defective in this respect, there would be no propriety in passing upon the legal effect of the defendants' contract.

Judgment for the defendants.